**LENAHAN, Plaintiff-Appellant, v. KINER, et al., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3843.   Decided October 24, 1945.

Benjamin F. Levinson, Columbus, Henry H. Metcalf, Columbus, for plaintiff-appellant.

C. C. Crabbe, Garek & Sillman, Columbus, W. H. Innis, Columbus, for defendants-appellees.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation.

## OPINION

By HORNBECK, P. J.

This is an appeal on questions of law from a judgment of the trial court entered on a directed verdict of a jury sustaining the last will and testament of Lena Kiner, deceased.

Although seven errors are assigned there is only one that arrests the attention of the Court, namely, whether or not the Court erred in holding that the evidence offered by the plaintiff was insufficient to carry her case to the jury.

The plaintiff, after the offering of the order of probate of the will, introduced her testimony and rested at which time defendants moved for a directed verdict. The Court at that time overruled the motion and defendants introduced their evidence. At the conclusion of the whole case, defendants renewed their motion and the Court directed a verdict sustaining the will.

It is necessary to consider the testimony of two of plaintiff's witnesses which we have done after careful reading of the record, Dr. Norris Lenahan and Laura Cale. Dr. Lenahan was decedent's attending physician. Laura Cale, a practical nurse, attended decedent many years prior to her death.

The doctor, in his testimony in chief, in response to an interrogatory by counsel for the plaintiff, answered in substance that in his judgment decedent did not have the mental capacity to make the will in question. This answer, without more, was sufficient to carry the cause to the jury. However, upon cross-examination the doctor by his answers indicated that he had a misapprehension and misconception of the qualities of mind essential to the making of a will. In response to inquiries embodying the tests requisite to mental capacity to make a will as set forth in **Niemes v Niemes, 97 Oh St 145,** the doctor first said that he presumed Mrs. Kiner had such qualifications. Later, he said in response to like specific inquiries that he did not know.

The state of the testimony when the doctor had concluded completely removed its probative effect on the issue of testatrix's mental capacity to make a will.

Likewise, Laura Cale gave opinion as to the state of mind of testatrix which if supported by proper facts testified by her would, in probability, have required the Court to submit the issue to the jury. However, Laura Cale's testimony was made up, in the main, of facts which related to the physical condition of testatrix. About the only statement she made specifically touching the mental state was the answers that testatrix had the mind of a child. However, instances of statements, acts or conduct on the part of testatrix from which such conclusion could be properly drawn are not in the record. The Court properly struck from her testimony many answers which were but mere conclusions.

She testified testatrix used drugs and stated what they were but there was no proof in the record, from the medical standpoint, or, in fact, from the lay viewpoint, which would have enabled the jury to have determined the extent, if at all, of the impairment of mind which would have been brought about by the use of the drugs.

We are satisfied that the testimony of the witnesses of the plaintiff was not such as would in the light of the prima facie case made by the order of probate of the will raise any factual issue as to which reasonable minds could differ.

The judgment will be affirmed.

MILLER, J., and MONTGOMERY, J., concur.